STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.M., V.M., and D.M.

**No. 15-1069** (Marion County 15-JA-39, 15-JA-40, & 15-JA-41)

## MEMORANDUM DECISION

Petitioner Mother G.M., by counsel Frances C. Whiteman, appeals the Circuit Court of Marion County's September 30, 2015, order terminating her parental rights to five-year-old J.M., four-year-old V.M., and four-year-old D.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Scott A Shough, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying her motion for a post-adjudicatory improvement period;[2] (2) failing to make a finding as to whether the DHHR made reasonable efforts to preserve the family; and (3) terminating her parental rights to the children when there was a reasonable likelihood that she could have substantially corrected the conditions of abuse or neglect.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]While petitioner states that the circuit court erred in denying her motions for post-adjudicatory and dispositional improvement periods, she moved only for a post-adjudicatory improvement period in the proceedings below. Further, in support of her argument, she cites legal authority for post-adjudicatory improvement periods only. As such, we need not address her statement regarding a dispositional improvement period. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009).

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed an abuse and neglect petition against petitioner and the children's father ("parents") in which it alleged that then three-year-old twin boys, V.M. and D.M., were not properly fed and nurtured. The DHHR further alleged that it had received a referral regarding V.M.'s and D.M.'s extreme weight loss and psycho-social dwarfism (a growth disorder caused by emotional, nutritional, and other forms of neglect); the generally unsanitary conditions in the home; and physical abuse in the home. According to the DHHR, a Child Protective Services ("CPS") worker substantiated the referral when she found that V.M. and D.M. were notably underweight; that a bathroom had been converted into a bedroom for V.M. and D.M., but that it was very small and had no windows or lighting; and that petitioner admitted to feeding them less than directed by doctors because she claimed too much food would make them physically ill. The DHHR also noted in the petition that the CPS worker spoke with the children's endocrinologist who expressed his concern that V.M. and D.M. suffered from psycho-social dwarfism. The DHHR also recounted the parents' history of CPS involvement, including a referral to CPS regarding the circumstances of the death of another child in their home.[4] The parents waived their right to a preliminary hearing. In the circuit court's order accepting that waiver, it noted "[t]hat reasonable efforts are being made by the WV DHHR to achieve permanency" and "that the case is being properly managed."

In June of 2015, the parents were arrested on child abuse charges based on the same allegations detailed in the DHHR's petition. It appears that the parents remained incarcerated for the duration of the abuse and neglect proceedings below.

From June to August of 2015, the circuit court held multiple adjudicatory hearings. Following two contested adjudicatory hearings, petitioner ultimately stipulated to the allegations as alleged by the DHHR in the May of 2015 petition. The circuit court accepted that stipulation and adjudicated petitioner as an abusing parent. In its subsequent order, the circuit court again noted that the DHHR was making reasonable efforts and that the case was being managed properly. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period. The DHHR and guardian opposed that motion.

In September of 2015, the circuit court held a dispositional hearing. Petitioner remained incarcerated having pled guilty to four criminal charges related to child abuse and moved the circuit court to delay the proceedings to await her sentencing. Petitioner maintained that she had "a good chance for alternative sentencing," in which case she could presumably have completed services in accordance with an improvement period upon her release. The circuit court denied her motion.

As to disposition, the circuit court heard evidence that medical professionals had provided the parents with specialized methods to treat the children's extreme weight loss, but the

---

[4]Petitioner was the parent of a fourth child, a girl, who died of a heart defect in 2014.

parents failed to follow through with that treatment. The CPS worker testified that the parents were incarcerated and were unable to complete court-ordered services.

At the conclusion of the hearing, both the DHHR and the guardian recommended that the circuit court terminate the parents' parental rights to the children. The circuit court agreed. By order entered on September 30, 2015, the circuit court terminated petitioner's parental rights to the children. In doing so, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination was in the children's best interests. The circuit court further found that the abuse and neglect was severe; that the parents were prevented from completing DHHR services by their incarceration, which would continue for, at least, two more months but could be far longer; and that the parents failed to follow through with the services provided to them by medical professionals while the children resided in their home. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In addressing improvement periods, we have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements [.]" Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period. . . ."

In this case, we find no abuse of discretion in the circuit court's ruling that petitioner failed to demonstrate that she was likely to fully comply with an improvement period. In addition to the petitioner's inability to follow through with the treatment plan for the children provided by medical professionals while they resided with her, petitioner remained incarcerated at the time of her motion and at the time of the dispositional hearing. While services may be available to some parents while incarcerated, it is unclear under the facts of this case how petitioner could have fully participated in an improvement period while in jail or prison. Further, the circuit court was under no obligation to delay the proceedings until she was released, as she requested at the dispositional hearing. Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances shall a civil protection proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." As such, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Next, petitioner assigns error to the circuit court's failure to make a finding regarding the DHHR's efforts to preserve the family. While the circuit court made at least two findings regarding the DHHR's reasonable efforts and case management in this matter, such a finding is unnecessary where aggravated circumstances are presented. West Virginia Code § 49-4-604(7)(A) provides, in relevant part, that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child . . . to aggravated circumstances which include . . . chronic abuse." In this case, petitioner admitted to effectively starving two three-year-old children for a prolonged period of time, in addition to other abuse and neglect. As such, the circuit court was presented with sufficient evidence to have found aggravated circumstances based upon the chronic and serious abuse of these children. For those reasons, the Court finds no error in the circuit court's consideration of the reasonable efforts made by the DHHR herein.

Petitioner's third and final assignment of error is that the circuit court erred in terminating her parental rights to the children when there was a reasonable likelihood that she could have substantially corrected the conditions of abuse or neglect. Pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected *in the near future*" and that termination is necessary for the child's welfare. (Emphasis added.) West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" Further, we have held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. at 79, 479 S.E.2d at 589, syl. pt. 7, in part.

Following a review of the parties' arguments and the record on appeal, we find no merit to petitioner's contention that there was a reasonable likelihood that she could correct the conditions of abuse or neglect *in the near future*. Petitioner's incarceration with no date certain upon which she would be released prevented her from following through with a reasonable

family case plan in the near future. Moreover, the circuit court correctly noted that petitioner received rehabilitative efforts for treatment of the children's condition by medical professionals while the children resided with her, but she failed to follow through with those efforts. Based on the circumstances of this case, we find no merit to petitioner's final assignment of error.

For the foregoing reasons, we find no error in the circuit court's September 30, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 6, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II